**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6357

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND EDWARD GILL,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:13-cr-00577-RDB-1)

Submitted: August 18, 2022                    Decided: August 23, 2022

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Raymond Edward Gill, Appellant Pro Se. Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On March 25, 2022,* Raymond Edward Gill filed a notice of appeal in the district court, seeking to challenge the district court's refusal to grant Gill compassionate release. By order entered June 12, 2020, the district court denied Gill's April 2020 motion for compassionate release—as well as several other motions, including a 28 U.S.C. § 2255 motion, that Gill filed around the same time ("June 12 Order"). In his appeal of the June 12 Order, Gill challenged only the district court's denial of § 2255 relief, *United States v. Gill*, Appeal No. 20-6946 (ECF Nos. 4, 7, 9, 13-14), and this court denied a certificate of appealability and dismissed Gill's appeal, *United States v. Gill*, 829 F. App'x 648 (4th Cir. 2020) (No. 20-6946). The Government has filed a motion to dismiss the underlying appeal.

We grant the Government's motion. First, to the extent Gill seeks review of the June 12 Order, Gill already appealed that order but failed to challenge the district court's denial of compassionate release in his informal brief. *See* 4th Cir. R. 34(b). Thus, in addition to being nearly two years untimely, *see* Fed. R. App. P. 4(a)(1)(B) (affording 60 days to appeal when the United States is a party); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."), Gill's appeal is also duplicative. Second, to the extent Gill's appeal relates to the motion for reconsideration that he filed in November 2021, in which Gill sought

---

* *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court).

reconsideration of the court's decision denying compassionate release, that portion of the appeal is premature because the reconsideration motion is still pending in the district court.

For these reasons, we grant the Government's motion and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*